IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Mauricio E. Weber, | ) | |
| | ) | C/A No. 8:12-3349-TMC |
|               Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Captain Arlette Jones; Lt. FNU Hankins; Corporal Santos; Captain FNU Ham; Lt. FNU Collins; Officer FNU Reeves; Cpl. Rhonda Latimer; Major Garry L. Bryant; Officer FNU Ashe; Deputy FNU Holden; Lt. FNU Hayden; Lt. FNU Looper; and Sgt. FNU Tribble, | ) ) ) ) ) ) ) ) | |
| | ) | |
|               Defendants. | ) ) | |

Plaintiff Mauricio E. Weber ("Weber"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court on Weber's objections to an order of the magistrate judge denying in part and granting in part a motion for leave to file an amended or supplemental complaint. (ECF No. 57).

**I. Facts/Background**

On June 21, 2013, Weber filed a motion for leave to file an amended or supplemental complaint (ECF No. 42). Defendants opposed the motion. (ECF No. 45). On December 18, 2013, the magistrate judge granted the motion in part and denied the motion in part. (ECF No. 54). The magistrate judge granted the motion allowing the voluntary dismissal of Defendants Lieutenant Looper, Lieutenant Collins, Corporal Rhonda Latimer, and Officer Reeves. The magistrate judge denied Weber's motion to the extent that he sought to supplement his allegations. The magistrate judge found such amendments untimely and noted that a dispositive motion had been fully briefed. Further, the magistrate judge noted that Weber's arguments in the proposed supplemental complaint were included in his response to Defendants' Summary

Judgment Motion. (ECF No. 41).

In his objections, Weber contends that the magistrate judge delayed ruling on his motion to amend in an effort to shield Defendants from liability. Further, Weber contends that the magistrate judge improperly granted the amendments voluntarily dismissing several Defendants while denying the other amendments as untimely. (ECF No. 57 at 2-3, 8). Further, Weber contends that he did not seek to add any new claims or defendants in his proposed supplemental complaint. (ECF No. 57 at 3-4). Instead, he sought to correct his Complaint and identify Santos as the officer who mistakenly told Weber he had a court appearance on November 15, 2010, rather than Defendant Hankins. Defendants filed a response opposing the motion (ECF No. 45) and Weber file a reply (ECF No. 48).

Weber specifically seeks to have the court amend the order and allow the amendments to paragraphs 3-5. (ECF No. 57 at 9). In paragraphs 3-5, Weber seeks to amend his Complaint to allege it was Defendant Santos, rather than Defendant Hankins, who mistakenly told Weber he had a court appearance on November 15, 2010. (ECF No. 42 at 4-5). Further, he seeks to amend his claims for relief and the factual allegations to set forth how each Defendant violated Weber's rights. (ECF No. 42 at 4-5).

## II. Applicable Law

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A). As a non-dispositive matter, the review of a magistrate judge's discovery order is governed by the "clearly erroneous" or "contrary to law" standard of review. *Id.*

Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision. Fed.R.Civ.P. 72(a). *See also* 28 U.S.C. § 636(b)(1)(A). A court's "finding is 'clearly erroneous' when although there is

evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395(1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Shoop v. Hott*, 2010 WL 5067567 *2 (N.D.W.Va. Dec. 6, 2010) (citing *Detection Sys., Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y.1982)).

A motion to amend is not "dispositive" of a party's claim or defense, because it does not adjudicate or otherwise dispose of any pending claim or defense but instead merely prevents different and/or additional claims or defenses from being asserted. *See Stonecrest Partners, LLC, v. Bank of Hampton Roads*, 770 F.Supp.2d 778, 783 (E.D.N.C. 2011). Accordingly, a motion for leave to amend may be submitted to a magistrate judge for decision under Rule 72(a), and an order ruling on such a motion is reviewed only for clear error. *Id.*

Under Federal Rule of Civil Procedure 15(a)(2), the " 'grant or denial of an opportunity to amend is within the discretion of the district court.' " *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 121 (4th Cir.2013) (*quoting Foman v. Davis,* 371 U.S. 178, 182 (1962)). A district court's denial of leave to amend is appropriate when "(1) 'the amendment would be prejudicial to the opposing party;' (2) 'there has been bad faith on the part of the moving party;' or (3) 'the amendment would have been futile.' " *Scott*, 733 F.3d at 121 (*quoting Laber v. Harvey,* 438 F.3d 404, 426-27 (4th Cir. 2006)).

### III. Discussion

First, the court notes that Weber's motion was indeed untimely and if all the amendments had been allowed would have prejudiced Defendants as they had already filed a summary judgment motion based upon the original Complaint. *Andes v. Versant*, 788 F.2d 1033 (4th Cir. 1986) (opposing party would be prejudiced by amendment because it had already incurred

3

significant time and expense in discovery and in preparation for a summary judgment motion). The voluntary dismissal of several of Defendants, however, would obviously not prejudice Defendants.  Weber sought the dismissal of these Defendants based upon mootness and his concession that he was unable to establish the claims that he had asserted in his original Complaint against these Defendants.  (ECF No. 42 at 3).  Accordingly, the court finds the magistrate judge did not err in granting this part of Weber's motion.

Furthermore, as to the proposed amendment relating to replacing Hankins with Santos on the negligence claim, even if Weber should have been given leave to amend his complaint, the failure to do so amounted to harmless error as the merits of this claim were addressed by Defendants' in their Summary Judgment Motion, and Defendants' arguments in regard to this claim were not dependant on which Defendant was alleged to have committed the negligence. *Cf. Harris v. Bolin*, 950 F.2d 547, 550 (8th Cir.1991) (denial of motion to amend complaint harmless where court reviews claims on the merits).

Finally, in his motion to amend, Weber sought leave to add allegations that Defendants had committed perjury in their affidavits and both Defendants and their attorney were attempting to destroy his presumption of innocence in his state criminal proceeding by stating in their memorandum supporting their summary judgment motion that Weber "has been charged with murder for stabbing his girlfriend in the throat" (ECF No. 30-1 at 18) and leaving out the word "allegedly."  (ECF No. 42 at 6).  Weber specifically stated he would await leave of the court before filing a proposed amended complaint with these allegations.  (ECF No. 42 at 7).  Weber's motion to amend is futile to the extent he seeks to assert claims for submitting false affidavits or committing perjury, as perjury is a criminal act that may only be pursued in criminal prosecution.  *Griffiths v. Siemens Automotive, L.P.*, 43 F.3d 1466 (4th Cir.1994); *see also Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir.1990) ("No citizen has an enforceable right to institute a criminal prosecution").   Likewise, a motion to amend to add a claim against Defendants (and

4

their attorney) for the attempted destruction of Weber's presumption of innocence would also be futile based upon the facts set forth by Weber in his motion.

## IV. Conclusion

Based on the foregoing, Plaintiff's objections to the magistrate judge's order of December 18, 2013 (ECF No. 57) are without merit. Accordingly, the order (ECF No. 54) is affirmed.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 18, 2014
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.